FARMERS PRODUCTION CREDIT ASSOCIATION OF ASHLAND, APPELLEE, *v.*
JOHNSON ET AL., APPELLANTS.

FEDERAL LAND BANK OF LOUISVILLE, APPELLEE, *v.*
JOHNSON ET AL., APPELLANTS.

[Cite as Farmers Production Credit Assn. of Ashland *v.* Johnson (1986), 24 Ohio St. 3d 69.]

(Nos. 84-1915 and 85-860—Decided June 11, 1986.)

*Nordstrom & Locke* and *Kenneth J. Nordstrom,* for appellee Farmers Production Credit Association of Ashland.

*Hite & Hite, F. Richard Heath, Patricia W. Maiorino* and *James V. Magee, Jr.,* for appellee, Federal Land Bank of Louisville.

*Robert C. Paxton II & Associates, Robert C. Paxton II, Crabbe, Brown, Jones, Potts & Schmidt* and *William J. Brown,* for appellants.

*Thompson, Hine & Flory, Paul W. Brown, Robert P. Mone* and *William R. Case,* urging affirmance for *amicus curiae,* Columbus Production Credit Association in case No. 84-1915.

*James V. Magee, Jr., Taustine, Post, Sotsky, Berman, Fineman & Kohn, Alvin D. Wax* and *Stanley W. Whetzel, Jr.,* urging affirmance for *amicus curiae,* Federal Intermediate Credit Bank of Louisville in case No. 84-1915.

*Crabbe, Brown, Jones, Potts & Schmidt* and *William J. Brown,* urging reversal for *amicus curiae,* Range Quality Pork, Inc. in case No. 84-1915.

LOCHER, J.

## I
### Case No. 84-1915

*Farmers Production Credit Association* v. *Johnson*

The primary issue facing the court in this appeal is whether the trial

court abused its discretion in denying appellants' motion for leave to file an amended answer under Civ. R. 15(A). We hold that the trial court did not abuse its discretion.

Our analysis must begin by recognizing that the grant or denial of leave to amend pleadings is within the sound discretion of the trial court. Civ. R. 15(A) reads as follows:

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. *Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party.* Leave of court shall be freely given when justice so requires. * * *" (Emphasis added.)

The trial court denied appellants' motion to amend their answer and the court of appeals affirmed, holding:

"We find that the trial court did not abuse its discretion in denying the motion to amend the answer. No answer was tendered and the allegations in the motion do not state a valid defense."

We agree.

Appellants attempted to amend their answer for the purpose of raising as a defense the Farm Credit Act of 1971, Section 2001 *et seq.,* Title 12, U.S. Code, and specifically, 12 C.F.R., Section 614.4510. That regulation provides in pertinent part:

"(d) In the development of the bank and association loan servicing policies and procedures, the following criteria shall be included:

"(1) * * * The policy shall provide a means of forbearance for cases when the borrower is cooperative, making an honest effort to meet the conditions of the loan contract, and is capable of working out of the debt burden. * * *"

Appellants aver that they were cooperative, could make an honest effort to meet the conditions of the loan contract, and were capable of working out of the debt burden. Additionally, they contend PCA did not provide a policy of forbearance. Appellants argue that this is clearly a valid defense. They rely solely on *DeLaigle* v. *Federal Land Bank of Columbia* (S.D. Ga. 1983), 568 F. Supp. 1432, for the proposition that the forbearance language of 12 C.F.R., Section 614.4510 is a mandatory requirement in the servicing of farm loans and that a violation of the regulation is a defense to a foreclosure action. *DeLaigle, supra,* held that 12 C.F.R., Section 614.4510 has the " 'force and effect of law' " *id.* at 1437; however, it did not specifically hold that the Farm Credit Act of 1971 or its regulations provided any sanctions that could be translated into a right of action or defense in a foreclosure action if a farm credit agency fails to adopt a forbearance policy.

We do not find that the law is as "clear" as appellants perceive,

especially in light of *Smith* v. *Russellville Production Credit Assn.* (C.A. 11, 1985), 777 F. 2d 1544. That decision provides:

"* * * [T]he 'means of forbearance' regulation in the present case is not a substantive rule but, rather, is a general statement of agency policy. The regulation states that, when banks and associations develop their loan servicing policies and procedures, *'the policy* shall provide a means of forbearance' for borrowers meeting certain criteria. 12 C.F.R. § 614.4510(d)(1) (emphasis added). Although the term 'shall' indicates the mandatory nature of this policy, the regulation is nevertheless directed at agency policy, and is not a substantive rule. Accordingly, we hold that 12 C.F.R. § 614.4510(d)(1) does not have the force and effect of law * * *." *Id.* at 1548. See, also, *Spring Water Dairy, Inc.* v. *Federal Intermediate Credit Bank of St. Paul* (D. Minn. 1986), 625 F. Supp. 713; *Bowling* v. *Block* (S.D. Ohio 1985), 602 F. Supp. 667, 670-671.

We agree with this view and, therefore, hold that the specific language of 12 C.F.R., Section 614.4510(d)(1) does not provide a valid defense to a foreclosure action.

Assuming *arguendo* that the regulation was a valid defense, appellants direct this court's attention to the fact that they met the conditions necessary under the regulation to be provided with a means of forbearance. However, the lender is the one best able to make the determination as to whether the conditions have been met, especially with regard to the borrowers' ability to pay the debt. In *Federal Land Bank of Wichita* v. *Read* (1985), 237 Kan. 751, 703 P.2d 777, the Supreme Court of Kansas held at 237 Kan. at ___, 703 P.2d at 780:

"Under the circumstances, we know of no reason why the trial court should be required to hear evidence upon and redetermine the issue of ability to work out of the debt burden. The matter is best left to those in whom the land bank places that responsibility. * * * We find no statutory authority for court review of such a determination."

Additionally, it is clear in the instant action that PCA did provide a means of forbearance. PCA had a written policy of forbearance and extended appellants' loan by means of the Memorandum of Understanding. It eventually became obvious to PCA that the only method remaining to collect from appellants was by the foreclosure action which it did not file until two months after the August 1, 1983 loan extension deadline.

We find that appellants' allegations in the motion for leave to amend their answer did not state a valid defense and hold that the trial court did not abuse its discretion in denying said motion. In addition, appellants aver by way of several contentions that summary judgment was improperly granted in favor of PCA by the trial court. Upon review of the record, we find no merit in appellants' contentions and affirm the judgment of the court of appeals.

## II

### Case No. 85-860

#### *Federal Bank of Louisville* v. *Johnson*

The primary issue in this action is whether the appellants' motion for relief from judgment under Civ. R. 60(B) was properly denied. We hold that it was.

Civ. R. 60(B) provides in pertinent part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * *."

This court held in *Svoboda* v. *Brunswick* (1983), 6 Ohio St. 3d 348, 351, that: "In order to prevail on a motion brought under Civ. R. 60(B), a movant must show (1) the existence of a meritorious defense or claim, (2) entitlement to relief under one of the grounds set forth in the rule, and (3) that the motion is made within a reasonable time. *GTE Automatic Electric* [v. *ARC Industries* (1976), 47 Ohio St. 2d 146 (1 O.O.3d 86)], *supra*, paragraph two of the syllabus."

Appellants contend that their "meritorious defense" is the "forbearance defense" of 12 C.F.R., Section 614.4510(d)(1) based upon *DeLaigle, supra*. In Part I of this opinion we held that the specific language of 12 C.F.R., Section 614.4510(d)(1) does not provide a valid defense to a foreclosure action. Thus, it is not a meritorious defense and appellants have not satisfied the first prong of the test necessary to prevail on a Civ. R. 60(B) motion. Additionally, appellants do not satisfy the second prong of the test. Appellants' motion for relief from judgment states:

"It is Defendants' main contention in this Motion that the trial court should 'open the judgment' which granted Federal Land Bank ('FLB') its foreclosure on the summary judgment previously filed."

In general, the motion refers to mistake and inadvertence by the trial court in granting the original summary judgment in January 1984. That judgment was affirmed after appropriate appellate review. The court of appeals affirmed the judgment on May 31, 1984 and this court denied further review on September 19, 1984. We agree with the opinion of the court of appeals below in which it states: "A claim that a lawsuit which has been decided and for which all appeal has ended was incorrectly decided is not the kind of 'mistake' or 'inadvertence' contemplated in Civ. R. 60." Thus, appellants fail to satisfy the first two requirements needed to prevail on a motion for relief from judgment under Civ. R. 60(B). Accordingly, we hold that appellants' motion for relief from judgment was properly denied.

Based on the foregoing, we affirm the judgment of the court of appeals in both actions.[1]

*Judgments affirmed.*

SWEENEY, HOLMES and WRIGHT, JJ., concur.

CELEBREZZE, C.J., C. BROWN and DOUGLAS, JJ., dissent.

CLIFFORD F. BROWN, J., dissenting.   In my view, the Farm Credit Act of 1971 and regulations thereunder evidence a statutory scheme designed with the conciliatory purpose of avoiding farm foreclosures as have occurred in the cases at bar. I simply cannot ignore that foreclosure poses a dire threat to the traditional family farm and to the hardworking men and women who daily face the unenviable task of feeding this nation. It is clear to me that foreclosure should be a last, and thoroughly considered, resort.

In view of that background, the breach of the federal regulatory requirement that lenders' loan servicing policies "*shall* provide a means of forbearance for cases when the borrower is cooperative, making an honest effort to meet the conditions of the loan contract, and is capable of working out of the debt burden," (emphasis added) 12 C.F.R., Section 614.4510, rises to an actionable, potentially meritorious defense to a foreclosure action, and necessarily presents an issue of fact which must be determined by the trial court. The majority's conclusion to the contrary is, I submit, misguided.

Accordingly, I dissent.

CELEBREZZE, C.J., concurs in the foregoing dissenting opinion.

DOUGLAS, J., dissenting.   Before the trial court below was appellants' motion for leave to file an amended answer, pursuant to Civ. R. 15(A), to raise as a defense appellees' failure to comply with provisions of the Farm Credit Act of 1971. The Farm Credit Act of 1971, specifically Section 2019, Title 12, U.S. Code, states in part:

"The Federal land banks may provide technical assistance to borrowers, members, and applicants and may make available to them at their option such financial related services appropriate to their on-farm and

---

[1] This court takes notice that the strength of our state lies in its agricultural industry. We also recognize that many of this nation's family farms which are products of generations of hard work and sacrifice have succumbed to the perils of foreclosure. High interest rates and declining exports have created the worst farm depression since the 1930s. The men and women who toil to feed not only this nation, but the entire world, deserve a much better fate. With this in mind, we urge our federal government to take the measures necessary to provide these proud men and women with the relief they so justly deserve.

aquatic operations as determined to be feasible by the board of directors of each district bank, under regulations of the Farm Credit Administration."

The objectives of the policies and procedures for federal land banks are enumerated in 12 C.F.R., Section 614.4510 which includes the following provisions:

"The bank and associations that are originating lenders shall be responsible for the servicing of the loans which they make. * * * The bank board of directors *shall* direct the bank and associations *to adopt loan servicing policies and procedures to assure that loans will be serviced fairly and equitably for the borrower* while minimizing the risk for the bank and associations. Procedures *shall* include *specific plans* which help preserve the quality of sound loans and which help credit deficiencies as they develop." (Emphasis added.)

More specifically, 12 C.F.R., Section 614.4510(d)(1) provides:

"(d) In the development of the bank and association loan servicing policies and procedures, the following criteria *shall* be included:

"(1) * * * The objective shall be to provide borrowers with prompt and efficient service * * *. The policy *shall* provide a means of forbearance for cases when the borrower is cooperative, making an honest effort to meet the conditions of the loan contract, and is capable of working out of the debt burden. * * *"

The record in this case indicates that the appellees, Farmers Production Credit Association of Ashland and the Federal Land Bank of Louisville, either had no forbearance policy in effect at the time of foreclosure or such policy was never shown or made known to the appellants. Conversely, appellants alleged that they were cooperative, were making an honest effort to meet the conditions of the loan, and were capable of working out of the debt burden. Nevertheless, relying upon the holding of the Eleventh Circuit Court of Appeals in *Smith* v. *Russellville Production Credit Assn.* (C.A. 11, 1985), 777 F. 2d 1544, the majority has held that appellees' failure to comply with the requirements of 12 C.F.R., Section 614.4510(d)(1) "does not provide [the appellants with] a valid defense to a foreclosure action." Most significantly, the *Smith* court held at 1548:

"Like the provision in [*United States* v.] *Harvey* [(C.A. 5, 1981), 659 F. 2d 62], the 'means of forbearance' regulation in the present case is not a substantive rule but, rather, is a general statement of agency policy. The regulation states that, when banks and associations develop their loan servicing policies and procedures, '*the policy* shall provide a means of forbearance' for borrowers meeting certain criteria. * * * Although the term 'shall' indicates the mandatory nature of this policy, the regulation is nevertheless directed at agency policy, and is not a substantive rule. Accordingly, we hold that 12 C.F.R. § 614.4510(d)(1) does not have the force and effect of law, and does not provide the basis for an implied right of action * * *."

In so holding, the *Smith* court rejected the reasoning and holding of the Southern District Court of Georgia in the case of *DeLaigle* v. *Federal Land Bank of Columbia* (D. Ga. 1983), 568 F. Supp. 1432, 1437, that the regulation herein, has "the 'force and effect' of law." It is my opinion, however, that *DeLaigle* was properly decided and that for the following reasons the *Smith* court erred. In the first place, the *Smith* court improvidently relied for its analysis upon the Fifth Circuit Court's rationale in *Harvey*. In *Harvey,* the court considered whether a provision[2] in a Veterans Administration ("VA") loan servicing manual imposed an affirmative foreclosure avoidance duty on the VA, and thereby created a right in the mortgagor to this performance. The VA manual stated at paragraph 2.20(e):

" 'After the reasons for default have been determined, indulgence *may be* extended for a reasonable time to a worthy borrower who is unable immediately to begin the liquidation of his arrearage.' " (Emphasis added.) *Id.* at 63.

The *Harvey* court found this provision to be merely a general statement of the agency's own policy, stating at 64 that:

"* * * '[I]n order for a regulation to have the "force and effect of law," it must have certain substantive characteristics and be the product of certain procedural requisites.' * * * More specifically, the regulation must be a substantive or legislative-type rule—*i.e.* one 'affecting individual obligations,' * * * which has been issued by the agency pursuant to statutory authority and promulgated in accordance with the procedural requirements of the Administrative Procedure Act." (Citations omitted.)

Conversely, as noted by the *DeLaigle* court at 1437:

"* * * [T]he Federal Farm Credit Board issued the regulations in question in this case, pursuant to the authority specified in the statutory section labelled 'Powers of the Federal Farm Credit Board,' 12 U.S.C. § 2243 (1976). Section 2243 states in part that '[t]he Federal Farm Credit Board shall establish the general policy for the guidance of the Farm Credit Administration.' The loan servicing techniques that Federal land banks may provide—according to 12 U.S.C. § 2019 (1976)—are subject to the regulations of the Farm Credit Administration. * * *

"* * *

"* * * [Additionally, there is no] evidence suggesting that section 614.4510 does not comply with the Administrative Procedure Act, 5 U.S.C. §§ 551 *et seq.* (1976). The Court notes that this regulation appeared at 37 F.R. 11424 on June 7, 1972. Without any indication otherwise, the Court concludes that the regulation in question here was issued in accordance with the procedural requirements of the Administrative Procedure Act."

---

[2] See paragraph 2.20(e) of the Veterans Administration Loan Guaranty Operation for Regional Offices—Loan Management and Servicing Policies, Procedures and Methods, M-26-3.

Consequently, I agree with the court's conclusion in *DeLaigle* that "these regulations * * * were issued by the appropriate agency pursuant to statutory authority" and therefore should have the " 'force and effect of law.' " *Id.* Unlike the VA manual in *Harvey,* Section 614.4510 is a formal agency regulation, promulgated pursuant to statutory authority.

Secondly, Section 614.4510(d)(1) states that there "shall" be a means of forbearance provided. The use of the word "shall" mandates agency policy. The provisions of this regulation are rules which must be followed by federal land banks when they service farm loans. On the other hand, the appellant-borrowers in *Harvey* conceded that the VA manual's provisions *were not* formal agency requirements. *Id.* at 64. Additionally, the *Harvey* court noted that the language of the manual was "clearly permissive rather than mandatory" and "[o]n its face * * * does not purport to create a binding obligation." *Id.* The court also observed that the manual itself characterized the provisions for servicing defaulted loans as merely "preferable," and in paragraph 2.18(c) of the manual, it is stated that "strict compliance with these procedures may be impracticable or even impossible under certain conditions." *Id.* As such, where it is alleged that the bank has failed to comply with Section 614.4510(d)(1), as in the case *sub judice,* a valid defense to the bank's foreclosure action may exist.

While I intend to make no attempt to frustrate banks in the conduct of their business, including foreclosure where required, the cases at bar should be remanded and given a hearing on the merits under the facts presented. If it can be shown that the criteria outlined in Section 614.4510(d)(1) were not met by the appellants, foreclosure is warranted and should be upheld. However, compliance on the appellants' part may well require the opposite result.

For the foregoing reasons, I must respectfully dissent.