DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, which denied a Civ.R. 60(B) motion filed by appellant, Rickey Lee Bavin. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant sets forth the following two assignments of error:
 "1. It was an abusive (sic) discretion for the Trial Court not to modify, pursuant to Ohio Civil Rule 60(B)(4), the Defendant's spousal support obligation as it was inequitable for the Order to have prospective application given the change in circumstances.
 "2. The Trial Court abused its discretion in not granting Appellant-Defendant relief under Ohio Civil Rule 60(B)(5)."
The following facts are relevant to this appeal. Appellee, Lynda A. Bavin, ("Lynda"), filed a complaint for divorce from appellant on May 7, 1997. The parties had been married since June 16, 1973; the parties had no minor children at the time of filing the complaint. On May 5, 1998, a hearing on the complaint was held; both parties were represented by counsel. The terms of an agreement between the parties concerning marital assets and liabilities were reviewed and each party agreed that the terms as presented constituted his/her understanding of the agreement.[1]
Appellant's trial counsel[2] specifically asked appellant about the spousal support provision.[3] The trial court also inquired about appellant's understanding of this provision.[4]
On January 5, 1999, appellant filed a motion to rescind agreement or to vacate judgment. Appellant argued that he did not understand the agreement that was read into the record at the hearing on May 5, 1998, in regard to the financial consequences should he vacate the marital residence before it was sold. On February 24, 1999, a hearing on appellant's motion was held. A new agreement which superseded the agreement of May 5, 1998, was read into the record. On the record, appellant's trial counsel stated that appellant "insists on agreeing to" terms not in his best interest. The trial court also inquired about appellant's understanding that the new agreement was non-modifiable.
On September 13, 1999, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B)(4) and (5) as to his spousal support obligation. Appellant specifically argued that it was "no longer equitable that the judgment should have prospective application." Appellant argued that he had been involuntarily terminated from the employment he had during the pendency of the divorce and this termination resulted in a significant reduction in his annual income. Lynda opposed the Civ.R. 60(B) motion. A hearing on the motion was held on June 6, 2000. The trial court denied the motion. Appellant filed a timely notice of appeal.
This court will address appellant's two assignments of error together. In both assignments of error, appellant contends that it was an abuse of discretion for the trial court to deny his Civ.R. 60(B) motion. This court finds no merit in either assignment of error.
The law in regard to a Civ.R. 60(B) motion is well established:
 "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec. v. ARC Industries (1976), 47 Ohio St.2d 146, at paragraph two of the syllabus. (Emphasis added.)
The above requirements are independent and in the conjunctive. Id. at 151. The test is not fulfilled if any one of the requirements is not met. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174. A party seeking to vacate a judgment need only allege a meritorious claim. Colley v.Bazell (1980), 64 Ohio St.2d 243, 247, fn. 3. It need not prove the truth of the claim in order to prevail. Id. However, a claim that is not valid as a matter of law is not a meritorious claim. Farmers ProductionCredit Assn. of Ashland v. Johnson (1986), 24 Ohio St.3d 69, 75.
The decision of a trial court to grant a Civ.R. 60(B) motion will not be disturbed absent a clear showing of an abuse of discretion. State exrel. Richard v. Seidner (1996), 76 Ohio St.3d 149, 151, citing RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. An abuse of discretion is more than, "* * * an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. * * *" Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
As to the first part of the three-prong GTE test, appellant does not have a meritorious claim. The decree in the present case, which incorporates the language of the agreement of the parties, specifically states that the spousal support provision is non-modifiable as to the amount and the duration. The decree is clear and unambiguous that the trial court would not have jurisdiction to modify spousal support. In the absence of an express reservation of jurisdiction, a trial court has no authority to modify or terminate a spousal support order. R.C.3105.18(E).[5] In Merkle v. Merkle (1996), 115 Ohio App.3d 748, the appellate court, in interpreting this, stated the following:
"Under the * * * statute, there must be
 included in the judgment entry of divorce a clear intention to reserve jurisdiction to modify the alimony award."
Because the trial court lacked jurisdiction to modify the spousal support provision, appellant has no meritorious claim. Thus, having failed to properly meet the first part of the three-prong GTE test, appellant was not entitled to relief from judgment, and the motion was properly denied. Therefore,
the trial court's decision was not an abuse of discretion. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 218.
Accordingly, appellant's two assignments of error are found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the court costs of this appeal.
James R. Sherck, J., Richard W. Knepper, J., CONCUR.
[1] The following provision regarding spousal support is at issue in this appeal:
 "* * * [appellant/husband] shall pay to [Lynda] as and for spousal support the sum of $2,500 per month for a period of one hundred and ninety-two months or sixteen years with the first payment to commence on the 1st day of the month following the closing of the sale of the real estate located at Forest Glen, and subsequent monthly payments are to be paid on the 1st day of each and every month thereafter until his obligation to pay spousal support is paid in full. The only variance would be if he moved out of the house, then the payment date would start on the day he moved out."
[2] Appellant is represented by different counsel on appeal than at the trial court level.
[3] Appellant's trial counsel specifically asked and received affirmative responses regarding appellant's agreement to the spousal support provision against his trial counsel's advise and appellant's understanding that the spousal support provision was not subject to modification. Appellant's trial counsel also asked and received an affirmative response regarding appellant's understanding that he would be bound by the terms and conditions of the spousal support provision.
[4] The following exchange occurred between appellant and the trial court:
 [The Court]: "All right. Sir, sixteen years is a long time. You understand that if something catastrophic happens, this Court will not have jurisdiction to get you off the hook five or ten years from now on the spousal support matter. Do you understand that?
 [Appellant]: "Twenty-five years is a long time too. Sixteen is okay.
 [The Court]: "I'm not saying that it's wrong or right. I just want you on the record —
[Appellant]: "I understand.
"* * *"
[5] R.C.3105.18(E) governs post-decree modifications of spousal support and states, in pertinent part, as follows:
 "(E) If * * * a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:
 "(1) In the case of divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support." (Emphasis added.)