GALE et al., Appellees,

v.

FICKE et al., Appellants.

[Cite as *Gale v. Ficke*, 148 Ohio App.3d 657, 2002-Ohio-4030.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 80716.

Decided Aug. 8, 2002.

Brouse & McDowell, Robert M. Stefancin, Steve Gale and Jane Gale, for appellees Steve Gale and Jane Gale.

James Doran, for appellee B.F.G. Employees Credit Union.

Michael J. Linden, for appellee Ohio Savings Bank.

Betty D. Montgomery, Attorney General, and Joseph A. Schwade, Assistant Attorney General, Revenue Recovery Section, for appellee state of Ohio.

Foth, Kelly & Urban Co. and Arthur F. Foth, Jr., for appellee Sunrise Cove Condominium No. 5.

John P. Lutseck, for appellants.

MICHAEL J. CORRIGAN, Presiding Judge.

I

{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the file from the trial court, and briefs of counsel. Defendants-appellants George L. and Susan Ficke ("Fickes") appeal the trial court's denial of their motion to amend their answer, which, they argue, prevented them from claiming a homestead exemption in their condominium.

{¶ 2} The relevant facts are as follows. Plaintiffs-appellees Steve and Jane Gale ("Gales") obtained a judgment against the Fickes on March 30, 2000. To satisfy the judgment, the Gales brought a foreclosure action on January 16, 2001, seeking to foreclose on the Fickes' condominium. On February 20, 2001, the trial court referred the cause to the court magistrate to try the issues of law and fact. The Gales filed a motion for summary judgment on June 26, 2001. The magistrate filed its decision on September 18, 2001, which ordered the Fickes' condominium to be sold at a sheriff's sale. On October 11, 2001, the Fickes sought to amend their answer to raise as an affirmative defense their claim of a homestead exemption. On December 5, 2001, the trial court denied the Fickes' motion to amend their answer and adopted the magistrate's decision. The Fickes timely filed an appeal on January 4, 2002.

II

{¶ 3} Because an answer is a pleading "to which no responsive pleading is permitted," a defendant may amend his answer within 28 days after it was originally served if "the action has not been placed upon the trial calendar." Civ.R. 15(A). Here, the Fickes sought to amend their answer beyond the 28 days after it was originally served, and so they could not file an amended answer without leave of court. Id. Finally, "[l]eave of court shall be freely given when justice so requires." Id.

{¶ 4} The issue on appeal is whether the trial court abused its discretion in denying the Fickes' motion for leave to file their amended answer. *Farmers*

*Prod. Credit Assn. v. Johnson* (1986), 24 Ohio St.3d 69, 24 OBR 217, 493 N.E.2d 946. This court "will not find an abuse of discretion unless the decision is unreasonable, arbitrary or unconscionable." *Turner v. Crow* (Jan. 25, 2001), Cuyahoga App. No. 77322, 2001 WL 69155, citing *Wilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 573 N.E.2d 622.

{¶ 5} "Although the grant or denial of [leave to amend a pleading] is within the sound discretion of the trial court, where the [affirmative] defense is tendered timely and in good faith, and no reason is apparent or disclosed for denying leave, the denial of leave to file such an amended pleading * * * is an abuse of discretion." *Hoover v. Sumlin* (1984), 12 Ohio St.3d 1, 5–6, 12 OBR 1, 465 N.E.2d 377, 381.

{¶ 6} In their motion in opposition to the Fickes' motion to amend, the Gales argued that "allowing [the Fickes] to file an amended answer at a post-dispositive motion stage of this litigation would be prejudicial to [the Gales] and cause unnecessary delay." There is no rule in Ohio that a party cannot amend his complaint after dispositive motions have been filed.[1] See, e.g., *Farmers Prod. Credit Assn. v. Johnson* (1986), 24 Ohio St.3d 69, 24 OBR 217, 493 N.E.2d 946. Here, however, the Fickes attempted to amend their answer not only after dispositive motions were filed, but also after the magistrate had filed its decision, which ordered the foreclosure sale of the Fickes condominium.

{¶ 7} We note also, that while parties have raised the homestead exemption as a defense in their answers, see, e.g., *Wickliffe Country Place v. Kovacs* (2001), 146 Ohio App.3d 293, 765 N.E.2d 975, the statute allowing the exemption does not require that it be raised in this manner. R.C. 2329.66. In fact, the statute contemplates the issue being raised *after* judgment has been rendered.[2] Therefore, The Fickes' ability to take advantage of the homestead exemption was not prejudiced by the trial court's denial.[3]

---

1. Of course, seeking to amend an answer after dispositive motions can be prejudicial. See, e.g., *Cunningham v. Cunningham*, Lorain App. No. 01CA007938, 2002-Ohio-2647, 2002 WL 1263964.

2. The statute allows "[e]very person who is domiciled in this state" to "hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order[.]" R.C. 2329.66. Therefore, a party need not raise the exemption until after a judgment has been rendered against him. See, e.g., *Adkins v. Massie* (Mar. 12, 2001), Lawrence App. No. 99CA18, 2001 WL 803031 ("A homestead exemption is not effective until there is an involuntary execution that subjects the property to judicial sale. [Citation omitted.] In other words, the debtor's right to exercise the homestead exemption is determined as of the date of execution, garnishment, attachment, or sale of the subject property.").

3. The Gales' argument that the Fickes' failure to raise the homestead exemption in their answer constituted waiver is incorrect. Further, their reliance on *Johnson v. Cromaz* (Dec.

## III

{¶ 8}  In conclusion, because the Fickes attempted to amend their answer after the dispositive motions and the magistrate's decision had been filed, and because they were not precluded from raising the homestead exemption claim by the trial court's denial, we hold that the trial court did not abuse its discretion in denying the Fickes' motion to amend their answer.

<div align="right">Judgment affirmed.</div>

COLLEEN CONWAY COONEY and TERRENCE O'DONNELL, JJ., concur.

</div>

23, 1999), Geauga App. No. 98–G–2151, 1999 WL 1313552, and *Cactus Capital Co. v. Mekong Market, Inc.* (Apr. 10, 1997), Franklin App. Nos. 96APE08–1031 and 96APE09–1250, 1997 WL 170300, in support of their argument is misplaced.  While both cases do address the waiver of the homestead exemption claim, both cases also clearly state that the proper time for bringing the exemption claim is *before the foreclosure sale.*  The cases do not apply to the facts before us.  See, also, *Sears v. Hanks* (1863), 14 Ohio St. 298, 1863 WL 16, paragraph two of the syllabus.