OPINION
{¶ 1} Defendant-appellant Todd Hankinson appeals the decision of the Mahoning County Domestic Relations Court, which granted Civ.R. 60(B) partial relief from judgment in favor of plaintiff-appellee Lisa Hankinson. The issue presented is whether the trial court abused its discretion in ordering Todd to reimburse Lisa $3,202 for money the magistrate previously ordered him to deposit out of his paycheck each week into a joint checking account. An issue that was not specifically raised, but which this court must consider, is whether the trial court was permitted to grant relief from judgment based upon its own perceived mistake or whether Lisa was required to appeal the trial court's judgment to obtain such relief. For the following reasons, we hold that Lisa improperly sought and the trial court improperly granted Civ.R. 60(B) relief as a substitute for a timely direct appeal. The judgment of the trial court is reversed.
 STATEMENT OF THE CASE {¶ 2} Lisa Hankinson filed a complaint for divorce. A magistrate's hearing was held on temporary matters. On February 25, 2000, the magistrate's decision overruled Lisa's motion for exclusive use of the marital residence and her motion to be designated residential parent. The magistrate noted that Lisa deposited her paycheck into a joint checking account and that Todd deposited all but $110 of his paycheck into this same account from which all the bills are paid. The magistrate ordered both parties to continue to deposit their paychecks into their joint account out of which Lisa was to continue to pay the bills.
 {¶ 3} Thereafter, Lisa filed another motion for exclusive use of the residence. On May 22, 2000, an agreed judgment entry was filed. Todd agreed to vacate the marital residence and allow Lisa to be the residential parent. The issue of child support was left to be negotiated, stating that Lisa could file a motion if an agreement could not be reached.
 {¶ 4} The divorce trial proceeded before the trial court on December 26 and 28, 2001. On May 13, 2002, the trial court filed its final divorce decree. The relevant portion of this judgment entry is as follows:
 {¶ 5} "14. Plaintiff alleges that Defendant failed to make monthly payments into the parties' joint checking account in the amount of $300.00 per week. Plaintiff's counsel, Attorney Gallitto repeatedly eluded [sic] to a Magistrate's Order that ordered Defendant to deposit $300.00 into the parties[`] joint checking account each week. Defendant admitted to this practice."
 {¶ 6} "The Court has meticulously searched the filings in this case as well as checked the computerized system of the Clerk of Courts. There is no record of the order Attorney Gallitto references. The Court finds that there are two (2) Magistrate's Orders, dated January 27, 2000 and February 25, 2000, as well as one (1) Agreed Entry dated May 25, 2000. None of the aforementioned entries order Defendant to make weekly deposits into the parties' joint account. The Court cannot enforce an order that was never memorialized in writing. Based upon the foregoing, Plaintiff's request for reimbursement is denied."
 {¶ 7} Lisa filed an appeal from this final decree of divorce, resulting in appellate case number 02CA11; however, this appeal was sua sponte dismissed as untimely since it was filed on June 13, 2002, one day late. Thereafter, on July 19, 2002, Lisa filed a motion for partial relief from judgment under Civ.R. 60(B)(1) and (5). Lisa noted that Todd admitted at trial that he failed to make regular weekly deposits of $300 per week into the parties' joint checking account, totaling $3,202. She then quoted the language of the trial court's divorce decree, which stated that it could not find a magistrate's order requiring Todd to make these deposits. Lisa then attached the February 25, 2000 magistrate's order and specifically highlighted the following language:
 {¶ 8} "The parties were in agreement that the Plaintiff's paycheck is deposited into a joint checking account from which the bills are paid. The Defendant deposits all but $110.00 of his paycheck into the same account. * * * The parties shall continue to deposit their paychecks into their joint checking account out of which the Plaintiff shall continue to pay the monthly bills."
 {¶ 9} Lisa's motion concluded that the trial court inadvertently overlooked this provision and based its judgment on a mistake of fact, i.e. that the order was never memorialized in writing. Thus, Lisa asked the trial court to correct its mistake by granting relief from judgment and awarding her reimbursement in the amount of $3,202.
 {¶ 10} On December 12, 2002, the trial court found that the magistrate's order indeed ordered Todd to make the weekly deposits and that he admittedly failed to do so for some time. The court then granted Lisa's motion for partial relief from judgment and awarded her $3,202. Todd filed timely notice of appeal.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 11} Todd sets forth the following assignment of error on appeal:
 {¶ 12} "The trial court erred in granting the plaintiff-appellee's motion for partial relief of judgment."
 {¶ 13} In a short argument, Todd contends that the trial court abused its discretion in granting relief from judgment because it was unreasonable to order him to deposit his checks where it had already granted Lisa exclusive use of the home and where no child support was yet ordered. It seems he argues that because she never filed a motion for child support (after the agreed entry) pending the final divorce, she was not entitled to his weekly deposits notwithstanding the prior magistrate's order.
 {¶ 14} Lisa responds that the trial court's divorce decree was based upon a mistake of fact and that it was proper for the court to correct this mistake under Civ.R. 60(B). Lisa also argues that Todd's argument concerning the inconsistency of the magistrate's February 25, 2000 order with the later May 22, 2000 agreed judgment entry cannot be raised now but should have been raised at that time. The latter argument may hold weight if the trial court would have awarded the reimbursement in the original divorce decree and Todd was appealing that entry. However, there is a jurisdictional problem with the procedure in this case that the parties have overlooked.
 LAW {¶ 15} The Ohio Supreme Court set out the controlling test for motions brought under Civ.R. 60(B) in GTE Automatic Elec.,Inc. v. Arc Industries, Inc. (1976), 47 Ohio St.2d 146. The movant must demonstrate: (1) a meritorious defense or claim; (2) entitlement to relief under one of Civ.R. 60(B)'s five grounds; and (3) a reasonably timely motion, which is not more than one year after the judgment if one of the first three grounds for relief is alleged." Id. at ¶ 2 of syllabus.
 {¶ 16} Civ.R. 60(B) states in relevant part:
 {¶ 17} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * *; or (5) any other reason justifying relief from the judgment."
 {¶ 18} An appellate court will not reverse a trial court's ruling on a Civ.R. 60(B) motion absent a showing of abuse of discretion. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174,637 N.E.2d 914; Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20, 520 N.E.2d 564. An abuse of discretion is more than an error in judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 19} However, the Supreme Court has often warned that Civ.R. 60(B) is not to be used as a substitute for appeal. Doev. Trumbull Cty. Child. Serv. Bd. (1986), 28 Ohio St.3d 128,131; Colley v. Bazell (1980), 64 Ohio St.2d 243, 245. Here, Lisa filed an untimely appeal of the trial court's decision. This court thus dismissed her appeal for lack of jurisdiction. Since she was precluded from raising the trial court's mistake on appeal, she decided to file a motion for relief from judgment on a ground which we could have cured on appeal. Thus, Lisa violated the premise that Civ.R. 60(B) is not a substitute for a timely appeal.
 {¶ 20} Many courts have also specifically advised that a factual or legal mistake on the part of the trial court is not the type of mistake contemplated by Civ.R. 60(B)(1). See, e.g.,Gold Touch, Inc. v. TJS Lab., Inc. (1998), 130 Ohio App.3d 106,110-111 (where the 8th District said that failure to consider a brief is not the type of mistake contemplated by 60(B)); Peltzv. Peltz (June 27, 1997), 11th Dist. No. 96-G-2026; Carrabinev. Brown (Aug. 13, 1993), 11th Dist. No. 92-G-1736. These courts hold that the mistake or inadvertence referred to in Civ.R. 60(B)(1) is that of a party or his agent. May v. Dept. of Hwy.Safety (June 13, 1995), 10th Dist. No. 94API12-1743. Thus, according to those courts, a trial court's mistake can be the basis for a timely direct appeal or the basis for a timely motion for a new trial or timely grant of new trial sua sponte under Civ.R. 59(A), (B), and (D), but it cannot form the basis of a Civ.R. 60(B) motion. See Id. See, also, Argen v. Union Svg.Assn. (June 3, 1982), 8th Dist. No. 43887.
 {¶ 21} Here, Lisa neither filed a timely appeal or a motion for a new trial. Thus, many of the above-cited courts would hold that the true nature of Lisa's motion is a motion for reconsideration. Gold Touch; Chester Twp. v. F.O.P. (1995),102 Ohio App.3d 404, 405 (also holding that failure to read a brief is not considered a 60(B) event). A motion for reconsideration is not recognized under the Civil Rules and is thus a nullity. Pitts v. Dept. of Transp. (1981),67 Ohio St.2d 378, 381. Thus, courts have held that a trial court is not permitted to change its final judgment on grounds of its own factual mistake since that very mistake is the reason for the appellate process in the first place. Civ.R. 60(B) is typically for issues that cannot be appealed because they are not on the record below or they were never presented to the trial court below, such as excusable neglect of a party.
 {¶ 22} The Supreme Court was confronted with a case where a motion for relief from judgment sought to correct a mistake or inadvertence by the trial court in granting summary judgment. The Court agreed with the appellate court, which stated: "A claim that a lawsuit which has been decided and for which all appeal has ended was incorrectly decided is not the kind of `mistake' or `inadvertence' contemplated by Civ.R. 60." Farmers ProductionCredit Assn. of Ashland v. Johnson (1986), 24 Ohio St.3d 69, 76. Thus, the Court concluded that the movant failed to meet the second prong of the GTE test, that is, entitlement to relief under one of the five grounds set forth in Civ.R. 60(B). Id.
 {¶ 23} This court also decided a case where appellant filed a direct appeal, had the appeal dismissed for untimeliness, and then filed a Civ.R. 60(B) motion in an attempt to gain a second opportunity to raise an issue that could have been raised in the dismissed appeal. We quoted the Supreme Court as follows: "A Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment." Hamiltonv. Spirtos, 7th Dist. No. 01CA58, 2002-Ohio-1562, quoting Keyv. Mitchell (1998), 81 Ohio St.3d 89, 90-91.
 {¶ 24} We held that any claims or arguments that were not raised in a timely appeal, but which could have been raised, are precluded from being raised in a subsequent Civ.R. 60(B) motion.Hamilton at ¶ 30, citing Key at 91. Finally, we quoted the Supreme Court as follows: "[s]uch procedural devices cannot be used in order to obtain review of a judgment where a timely appeal was not filed. If we were to hold differently, judgments would never be final because a party could indirectly gain review of a judgment from which no timely appeal was taken by filing a motion for reconsideration or a motion to vacate judgment." Id. at ¶ 31, quoting Key at 193.
 {¶ 25} Here, Lisa filed a motion to vacate based upon an alleged mistake of fact by the trial court. This mistake of fact could have (would have) been raised in the direct appeal. However, that appeal was dismissed by this court as untimely
 {¶ 26} Where the appellate court has dismissed an appeal as untimely, the trial court cannot decide to change its prior decision in favor of an appellant who failed to timely utilize the appellate procedure; thus for all intents and purposes circumventing the effect of our dismissal. Civ.R. 60(B) is not a substitute for appeal, and the mistake described within the rule is not mistake of the trial court but rather is mistake of a party. Although the result may seem harsh in a case such as this where the mistake seems apparent to appellee, we cannot ignore a jurisdictional issue such as this.
 {¶ 27} If we were to create a rule in this case favorable to appellee, then we would end up usurping our own authority. For instance, if Lisa filed a timely appeal to this court from the trial court's original judgment and we affirmed the trial court, a ruling contrary to the one announced herein would enable Lisa to subsequently file a motion for relief whereupon the trial court could conceivably grant her relief based upon its perceived mistake in overlooking language in the magistrate's decision. This would mean the trial court could change its mind even after we ruled on the issue, effectively reversing our decision. Consequently, we cannot make different rules depending on whether an appeal proceeded to judgment or whether we dismissed the appeal as untimely filed.
 {¶ 28} Moreover, we cannot limit our rationale to certain cases where the mistake seems obvious. Who is to say what error is obvious? We would have to review the merits and record of every case in order to determine whether the court made a clear factual error. This we cannot do nor should we when mistakes are capable of full review upon timely imposition of the jurisdiction of an appellate court.
 {¶ 29} Rather, every party who believes the trial court erred, factually or legally (not clerically, which is covered by Civ.R. 60(A)) must file a timely appeal (or a timely motion for new trial) in order to obtain judgment in their favor. Otherwise, there would be no finality to judgments.
 {¶ 30} For the foregoing reasons, the trial court erred in granting partial relief from judgment in this case. Therefore, the judgment of the trial court is hereby reversed.
Judgment reversed.
Waite, P.J., and Donofrio, J., concur.