OPINION JUDGMENT ENTRY
{¶ 1} Appellant Jerelyn Yates separately appeals the March 3, 2004 decision of the trial court denying her motion for relief from judgment and the October 28, 2003, decision of the trial court granting summary judgment in favor of Allstate Insurance Company finding that she was not entitled to UM/UIM coverage under the policy.
 {¶ 2} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 3} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 4} This appeal shall be considered in accordance with the aforementioned rule.
 STATEMENT OF THE FACTS AND CASE {¶ 5} On October 19, 2001, Jerelyn Yates' sister Jenise Conerton was fatally injured when she was struck by a motor vehicle driven by an uninsured motorist.
 {¶ 6} At the time of the accident, Jerelyn Yates was insured under an automobile policy issued by appellee, Allstate Insurance Company.
 {¶ 7} Her parents Welden and Loretta Bauer were insured under an automobile policy issued by State Farm Insurance Company.
 {¶ 8} Appellant Yates made a claim for damages under the Allstate policy.
 {¶ 9} On April 22, 2003, by way of letter, Allstate denied said claim.
 {¶ 10} On April 24, 2003, Ms. Yates and the Bauers filed a complaint against Allstate and State Farm for breach of contract and bad faith. Allstate counterclaimed for declaratory judgment on the issue of coverage.
 {¶ 11} On July 8, 2003, Allstate filed a motion for summary judgment.
 {¶ 12} On July 28, 2003, Appellant Yates filed a Response in Opposition to Allstate's Motion for Summary Judgment and Plaintiff's Motion for Summary Judgment.
 {¶ 13} By judgment entry filed October 28, 2003, the trial court granted Allstate's motion finding that Appellant was not entitled to UM/UIM motorist coverage under the Allstate policy. Said Judgment Entry contained the "[t]here is no just cause for delay" language.
 {¶ 14} On December 18, 2003, Appellee Allstate filed a Voluntary Dismissal of its counterclaim for declaratory judgment stating that the trial court had made the requested declaration in its October 28, 2003 Judgment Entry grating summary judgment in favor of Allstate on all of Plaintiff's claims.
 {¶ 15} On January 15, 2004, Appellant Yates filed an appeal of the October 28, 2003, decision granting summary judgment in favor of Allstate.
 {¶ 16} On January 20, 2004, Appellant filed a Motion for Reconsideration and a separate Rule 60(B)Motion for Relief from Judgment.
 {¶ 17} On March 1, 2004, the trial court denied Appellant's Motion for Reconsideration.
 {¶ 18} On March 3, 2004, the trial court denied Appellant's Motion for Relief from Judgment.
 {¶ 19} On March 19, 2004, Appellant Yates filed an appeal of the March 3, 2004, denial of her motion for reconsideration.
 {¶ 20} On May 18, 2004, Appellant moved to consolidate the two appeals which this Court granted on June 1, 2004.
 {¶ 21} These matters are now before this court for consideration. Appellant assigns the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 22} "I. The trial court erred as in granting summary judgment to allstate insurance company on the basis that jerelyn yates did not suffer bodily injury and is therefore not entitled to uninsured motorist benefits.
 {¶ 23} "II. The trial court erred in denying summary judgment for jerelyn yates on her bad faith claim.
 {¶ 24} "III. The trial court erred in denying Jerelyn Yates' motion for relief from judgment."
 I., II. {¶ 25} In her first and second assignments of error Appellant claims the trial court erred in denying coverage under the Allstate auto policy pursuant to Moore v. State Automobile Mut.Ins. Co., 88 Ohio St.3d 27, 2000-Ohio-264.
 {¶ 26} The trial court's October 28, 2003, Judgment Entry granted Allstate's Motion for Summary Judgment on all of Appellant's claims and denied Appellant's motion for summary judgment. The entry also stated "[t]here is no just cause for delay." We therefore find that all claims as to Appellant were disposed of as of that October 28, 2003 date. The voluntary dismissal filing of Allstate's counterclaim was a superfluous filing by Appellee which in no way changed the status of Appellant's claims.
 {¶ 27} We therefore find that Appellant did not appeal the decision of the trial court within the requisite thirty (30) days as provided by App. R. 4(A). This time requirement is jurisdictional in nature. State ex rel. Pendell v. Adams Cty.Bd. of Elections (1988), 40 Ohio St.3d 58, 60.
 {¶ 28} Accordingly, we are compelled to dismiss the 04 CA 6 appeal.
 III. {¶ 29} In her third assignment of error, Appellant argues that the trial court erred in denying her Motion for Relief from judgment.
 {¶ 30} Appellant relies on 60(B)(1) and (5) in support of her motion. More specifically, Appellant claims that the trial court must have failed to consider all of Appellant's briefs arguing that the trial court "severly misstates Yates' position" based on language contained in the trial court's October 28, 2003 Judgment Entry.
 {¶ 31} Civ. R. 60(B) states:
 {¶ 32} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."
 {¶ 33} In the case of GTE Automatic Electric, Inc. v. ARCIndustries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, the Ohio Supreme Court explained Civ. R. 60(B). In order to prevail under a motion brought pursuant to this rule, the movant must demonstrate: 1) The party has a meritorious defense or claim to present if relief is granted; 2) the party is entitled to the relief under one of the grounds set forth in the rule; and 3) the motion is made within a reasonable time, and for reasons 1, 2, and 3 not more than one year after the judgment was entered.
 {¶ 34} Appellant is in effect challenging the October 28, 2003 judgment of the trial court wherein the trial court granted Appellee's motion for summary judgment on all of her claims.
 {¶ 35} This judgment was the subject the 04 CA 6 appeal by this appellant which we dismissed for lack of jurisdiction. It is no longer reachable by relief from judgment proceedings. We therefore overrule this "argument" and the extrapolated assignment of error upon the authority of Farmers ProductionCredit Assoc. of Ashland v. Johnson (1986), 24 Ohio St.3d 69. See Federal Land Bank of Louisville v. Fisher, (March 30, 1987) Knox County App. Nos. 86-CA16, 86-CA-17, 86-CA-18.
 {¶ 36} A motion for relief from judgment made pursuant to Civ. R. 60(B) is directed to the sound discretion of the trial court, and this court will not disturb that decision absent an abuse of discretion, Griffey v. Rajan (1987),33 Ohio St.3d 75. The Supreme Court has repeatedly held abuse of discretion indicates the trial court's judgment was unreasonable, arbitrary, or unconscionable, see, e.g. Steiner v. Custer (1940),137 Ohio St. 448.
 {¶ 37} A Civ. R. 60(B) motion is not a substitute for a direct appeal of a judgment and cannot be used to circumvent the requirement of App.R. 4(A) that an appeal be filed within 30 days. Shepler v. Jacobs, (July 28, 1992) Ashland County App. No. CA-1002, citing Bosco v. Euclid (1974), 38 Ohio App.2d 40,311 N.E.2d 870.
 {¶ 38} The trial court found that there was no good cause for relief from judgment. We find the trial court did not abuse its discretion.
 {¶ 39} Appellant's third assignment of error is overruled.
 {¶ 40} The judgment of the Court of Common Pleas of Licking County, Ohio, is hereby affirmed.
Boggins, J., Wise, P.J. and Edwards, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. Costs assessed to Appellant.
Appeal 04 CA 6 is dismissed for lack of jurisdiction.