JOURNAL ENTRY AND OPINION.
{¶ 1} Plaintiffs-appellants[1] appeal from the decision of the Cuyahoga County Common Pleas Court that granted summary judgment in favor of defendants-appellees.[2] For the reasons that follow, we affirm.
 {¶ 2} This matter centers around the parties' involvement and/or alleged involvement in capitalizing, organizing and operating a fast food restaurant in the Republic of Lithuania. Initially, plaintiffs commenced this action against Mascinskas and Petkus. The complaint set forth the following claims against those defendants: breach of oral contract for failure to secure a franchise licensing agreement (counts one and five); fraudulent misrepresentation regarding defendants' ability to secure a franchise agreement (counts two and six); conversion (counts three and seven); and unjust enrichment (counts four and eight).
 {¶ 3} On January 9, 2002, the court granted plaintiffs leave to file their amended complaint and Simens and Mr. Chicken were added as defendants. As to Simens, Mrs. Kudukis alleged breach of oral contract for failure to provide a franchise licensing agreement (count nine), and fraudulent misrepresentation regarding Simen's promise to provide her with a franchise agreement (count ten). In count eleven, plaintiffs alleged respondeat superior liability against Mr. Chicken, which allegedly acted in concert with all of the defendants.
 {¶ 4} Each of the defendants moved for summary judgment, which plaintiffs opposed. On March 20, 2002, the court granted summary judgment against plaintiffs on their claims against Mascinskas and Petkus.
 {¶ 5} Subsequent to the dismissal of plaintiffs' claims against Mascinskas and Petkus, two months after the close of paper discovery (January 17, 2002), and seven weeks before scheduled trial, plaintiffs again sought leave to amend their complaint on March 24, 2002. In the proposed amendment, plaintiffs sought to re-categorize the previously referenced oral contract as being written and oral and to add a claim for breach of fiduciary duty against all of the defendants (count twelve).
 {¶ 6} On July 11, 2002, the court granted summary judgment against plaintiffs on their remaining claims against Simens and Mr. Chicken. On July 12, 2002, the court denied plaintiffs' second motion to amend complaint. Thereafter, the trial court granted defendants' motion to dismiss their counterclaim without prejudice, which dispensed with the only remaining claims among the parties in this case. Plaintiffs appeal, assigning two errors for our review. We will address them in the order they were presented.
 {¶ 7} "I. The trial court erred, as a matter of law, by granting summary judgment upon plaintiff-appellants' claims for relief."
 {¶ 8} Summary judgment is appropriate where "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679,653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274." Zivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367,369-70.
 {¶ 9} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein (1996),76 Ohio St.3d 383, 385. Affidavits must be based upon personal knowledge and must set forth such facts as would be admissible in evidence. Civ.R. 56(E). "No evidence or stipulation may be considered except as stated in [Civ.R. 56]." Civ.R. 56(C).
 {¶ 10} We will construe the facts in accordance with the above referenced standard.
A. Breach of contract claims
 {¶ 11} In moving for summary judgment, defendants contend that the six-year statute of limitations contained in R.C. 2305.07 bars plaintiffs' claims for breach of oral contract. We agree. In both the original and amended complaint, plaintiffs assert that they entered an "oral contract" with the defendants. Plaintiffs assert that defendants breached their obligation to "create a Corporation for the purpose of securing a Franchise Agreement in order to open a Mr. Chicken Restaurant in the Republic of Lithuania." It is undisputed, however, that the parties created a corporation and that they opened a Mr. Chicken restaurant in Lithuania. Thus, the breach depends on the alleged obligation to secure a franchise agreement.
 {¶ 12} Mrs. Kudukis testified that her claim arises not from a document, but instead from discussions she had with Simens. (R. 45, p. 42-43). Plaintiffs allege that defendants either agreed to secure or provide a Mr. Chicken Franchise Licensing Agreement if plaintiffs agreed to invest money into the corporation. However, on December 9, 1994, plaintiff, Mrs. Kudukis, signed a document acknowledging that said franchise or license would not be granted by Simens, Mr. Chicken Inc. or Mr. Chicken National, Inc. (R. 45, Exhibit 2). In the same document, Simens consented to the "use of the name `Mr. Chicken' and the use of proprietary spices and seasoning." By all accounts, the corporation was formed in 1994 and a restaurant opened in Lithuania by 1995, continuing to operate for several years.
 {¶ 13} Plaintiffs filed this action on February 1, 2001 and beyond the six-year statute of limitations for oral contracts.[3]
Accordingly, the trial court did not err in its summary disposition of plaintiffs breach of contract claims.
B. Fraudulent misrepresentation
 {¶ 14} Civ.R. 9 requires parties to plead fraud with specificity.[4] Plaintiffs claim that defendants induced her to invest money with "a fraudulent misrepresentation regarding their ability to secure a franchise agreement for a Mr. Chicken Restaurant to be open[ed] in the Republic of Lithuania."[5]
 {¶ 15} Again, defendants rely on the statute of limitations, R.C.2305.09, as a means to bar plaintiffs' fraudulent misrepresentation claims. A claim for fraud must be brought within four years after the cause accrues. R.C. 2305.09.
 {¶ 16} Simens notified plaintiffs as early as December 9, 1994 that he would not grant a license or franchise but would permit use of the trade name and certain proprietary information. Mrs. Kudukis acknowledges this fact as evidenced by her signature. (R. 45, Exh. 2). Therefore, plaintiffs knew or should have known that a franchise was not going to be granted at that time. Plaintiffs advanced these claims against defendants over four years after the cause of action accrued. Accordingly, the trial court did not err in its summary disposition of plaintiffs' fraudulent misrepresentation claims.
C. Conversion
 {¶ 17} Conversion is "any exercise of dominion or control wrongfully exerted over personal property of another in denial of or under a claim inconsistent with his rights." Okocha v. Fehrenbacher
(1995), 101 Ohio App.3d 309, 318. Plaintiffs maintain that defendants embezzled and wrongfully appropriated $200,000 from them. Defendants maintain that plaintiffs failed to identify any property belonging to plaintiffs that defendants wrongfully converted or controlled. Defendants assert that plaintiffs' claims involve property that belonged to the corporation. Indeed, in opposing summary judgment on this claim, plaintiffs generally refer to $200,000, which includes $80,000 invested in and thus belonging to the corporation.
 {¶ 18} An individual's investment in a business venture does not, in and of itself, arise to a conversion claim against co-shareholders/co-investors for the mere fact that the venture failed. As defendant notes, plaintiffs have not advanced or attempted to advance any claims against the corporation itself. Thus, plaintiffs' reliance on the bare allegations of the pleadings in this regard failed to satisfy plaintiffs' burden to demonstrate that any genuine issue of material fact exists on their conversion claim against these defendants. The trial court did not err in its summary disposition of plaintiffs' claims for conversion.
D. Unjust Enrichment
 {¶ 19} "Quantum meruit is generally awarded when one party confers some benefit upon another without receiving just compensation for the reasonable value of services rendered." Aultman Hospital Assoc. v.Community Mut. Ins. Co. (1989), 46 Ohio St.3d 51, 55. Plaintiffs claim defendants were unjustly enriched by plaintiffs' contributions to the business venture in opening a fast food restaurant in Lithuania. Yet, on appeal and below, plaintiffs do not cite us to any record evidence or refer to any specific services performed by plaintiffs and instead make only conclusory statements in support of this claim. (R. 51 pp. 18-20, accord Aplts. Brf. pp. 24-25).
 {¶ 20} When the business failed, all of the parties lost their capital contributions. The fact that some lost more capital than others does not establish that defendants reaped an unjust enrichment for services rendered by plaintiffs. While the record does suggest that Mrs. Kudukis contributed to the business, the evidence equally establishes that Mascinkas, Petkus and Simens also made contributions to the business, including labor, travel, knowledge and/or trade name and proprietary information. Plaintiffs failed to set forth evidence pursuant to Civ.R. 56 that would substantiate a genuine issue of fact on this issue. The trial court did not err in its summary disposition of this claim.
 {¶ 21} The first assignment of error is overruled based upon the foregoing.
 {¶ 22} "II. The trial court abused its discretion in refusing to allow plaintiff-appellants to amend their complaint, and/or by failing to discern a claim for breach of fiduciary duty from plaintiff-appellants' evidence."
 {¶ 23} The term "abuse of discretion" connotes more than an error of law or judgment. It implies that the court's attitude is unreasonable, arbitrary or unconscionable. Rock v. Cabral (1993),67 Ohio St.3d 108, 112; Martin v. Martin (1985), 18 Ohio St.3d 292,294-295; Blakemore v. Blakemore (1983) 5 Ohio St.3d 217, 219. When applying an abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. Berk v.Matthews (1990), 53 Ohio St.3d 161; Kunkle v. Kunkle (1990),51 Ohio St.3d 64, 67; Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131. With this standard in mind and for the reasons that follow, we find that the trial court acted within its discretion in denying plaintiffs' motion to file a second amended complaint.
 {¶ 24} While it is true that leave to amend pleadings is to be freely given when justice so requires, there is a corresponding expectation that the party tendering a new claim by amended pleading will do so in a timely fashion. E.g., Gale v. Ficke (2002), 148 Ohio App.3d 657,659 (claim must be "tendered timely and in good faith [with] no reason 
apparent or disclosed for denying leave").
 {¶ 25} Plaintiffs proposed second amended complaint sought to add a claim for breach of fiduciary duty against defendants. Plaintiffs had information sufficient to bring this claim both at the time of filing the initial complaint on February 1, 2001, and certainly by the time plaintiffs filed their amended complaint in January 2002. Nonetheless, plaintiffs sought leave to file this second amended complaint on March 24, 2002. This was four days after the court had dismissed Mascinskas and Petkus from the lawsuit by virtue of the summary judgment order.
 {¶ 26} The defendants had incurred expense in defending this litigation through the discovery process and in moving for summary judgment prior to March 24, 2002. In doing so, the defendants were depending upon the allegations made by plaintiffs which did not at that time include a claim for breach of fiduciary duty. Under these circumstances, we find that the trial court did not err in denying the plaintiffs' motion to file a second amended complaint seven weeks before scheduled trial, after all defendants had moved for summary judgment and two had been dismissed from the case. It is also significant that there is no apparent reason why plaintiffs did not bring this claim sooner and at a time that would have been far less prejudicial to all the parties. In addition to bringing dismissed parties back into the lawsuit, the second amended complaint would have required further discovery and motion practice. Arguably, defendants would incur the added expense of re-deposing individuals in ascertaining the basis of the new claim. This would most likely result in the postponement of the fast-approaching trial date. These constitute justifiable reasons for denying plaintiffs' motion to file a second amended complaint. Under the particular circumstances of this case, we cannot say that the trial court abused its discretion in denying plaintiffs' motion. This assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., and TIMOTHY E. McMONAGLE, J., concur.
[1] Grace Kudukis and Raymond Kudukis ("plaintiffs" collectively or "Mrs. Kudukis" and "Mr. Kudukis" respectively).
[2] Algimantes Mascinkas ("Mascinkas"), Algis Petkus ("Petkus"), Mr. Chicken, and Robert Simens ("Simens"), (collectively, "defendants").
[3] In opposition to summary judgment and on appeal but contrary to their pleadings, plaintiffs assert that their "most significant claims" arise from a written contract. In support, plaintiffs reference a conglomeration of various documents entered by and among various parties. Yet, the focus remains on the alleged breach of agreement to provide or supply the licensing agreement that plaintiffs acknowledged in writing would not be forthcoming as of December 4, 1994. Thus, any renewed obligation or promise to supply a license would have had to occur beyond that date. Plaintiffs have cited no such written contract documenting that fact. The letter agreement dated February 7, 1995 is authored by Mrs. Kudukis and not signed or acknowledged by any of the defendants; the combined Action by Written Consent agreement of May 4, 1995 makes no reference to any obligation to provide or supply a licensing agreement.
[4] Therefore, plaintiffs' claims are necessarily confined to what is alleged in their pleadings.
[5] Plaintiffs never sought to expand their fraudulent misrepresentation claims in either the amended complaint or the proposed second amended complaint.