Hart, J.
 

 The problem presented by the record in this case requires an interpretation of Section 11663-1, G-eneral Code, as enacted and effective August 19, 1937 (117 Ohio Laws, 515). A condensed summary of the pertinent provisions of this section as then existing in words of the statute itself, is as follows:
 

 “Any judgment for money rendered in a court of record in this state upon any indebtedness, which is secured or evidenced by a mortgage
 
 *
 
 * * on real property * * * upon which * * * there has been located a dwelling * * * for not more than two families which has been used in whole or in part as a home or farm dwelling or held as a homestead by the person who executed * * * such mortgage * * * or which has been held by such person as a homesite, shall become null and void at the expiration of two years from the date of such judgment or of the effective date of this act, whichever shall be later. Provided, however, that any execution issued upon such judgment * * * commenced within two years from
 
 *581
 
 the date of such judgment or from the effective date of this act, whichever shall be later, or commenced prior to the effective date of this act, shall not be affected by this section * *
 

 This section of the statute is in effect a statute of limitation upon the life of a deficiency judgment arising from the foreclosure of mortgages on real property upon which there has been located a dwelling for not more than two families and which has been used in whole or in part as a home or a homestead by the mortgagor, with certain exceptions to the operation of the statute therein specifically provided.
 

 There is no question or dispute that defendant Olive Mann claims under a deficiency judgment. However, she claims that her judgment is not within the operation of the statute, or rather is saved by a proviso of the statute in that she had issued on her’judgment a valid execution prior to and at the time of the effective date of the statute which judgment is saved by the provision “that any execution issued upon such judgment * * * commenced within two years * * * from the effective date of this act * * * or commenced prior to the effective date of this act, shall not be affected by this section.” She claims as an alternative that if this be not true, the statute as it affects .her judgment is unconstitutional and void as destroying a, vested right.
 

 The plaintiffs claim that since Olive Mann did not • enforce her judgment or have pending an execution to enforce it prior to August 19, 1939, the judgment bemame null and void and is now but a cloud upon plaintiffs’ title which should-be removed.
 

 This phase of the controversy appears to arise because of a failure to distinguish between the preservation of a judgment lien and the pendency of an execution on a judgment. The defendant Olive Mann, by paper or office levies, kept her judgment as a lien from becoming dormant, but did she have an execution
 
 *582
 
 on this judgment pending at the expiration of two years from August 19, 1937, which alone would save its enforcement from the limitations of the statute? A writ of execution as distinguished from a mere levy on real property is a civil proceeding for the enforcement of a judgment against such property. It is issued by the clerk and directed to the sheriff commanding him to seize or take possession of property
 
 ancl to sell it
 
 in the manner provided by law for the satisfaction of judgments. See Sections 11664, 11666, 11672, 11675, 1167$, 11681 and 11688, General Code.
 

 That such a proceeding is contemplated and required by the statute is evident from the context which provides that an execution issued upon such judgment must be
 
 commenced
 
 prior to the expiration of the limitation period. This also presupposes that a proceeding
 
 commenced
 
 is followed through by sale of the property, or the remedy provided by the statute could be frustrated by repeated levies keeping the judgment alive indefinitely. It is clear from the record in this case that no such execution had been
 
 commenced
 
 within the period of limitation and that the enforcement of the judgment was thereafter barred by the statute.
 

 The defendant Olive Mann further claims that insofar as the statute applies to her judgment which was obtained on May 12, 1931, before the statute was originally enacted, and which judgment has been kept in force and effect by appropriate levies, the statute is void because it retroactively destroys a vested right or lien in contravention of the Fourteenth Amendment of the federal Constitution.and Sections 2 and 19 of Article I and Section 28 of Article II of the Constitution of Ohio.
 

 It is a general rule that there is no vested right in an existing remedy
 
 (Lawrence Bd. Co.
 
 v.
 
 Commrs. of Mahoning County,
 
 35 Ohio St., 1), and that a statute subsequently passed may alter, modify or curtail such remedy provided a reasonable time is given for the
 
 *583
 
 assertion of the remedy.
 
 Montalto
 
 v.
 
 Yeckley,
 
 138 Ohio St., 314, 319, 34 N. E. (2d), 765;
 
 State, ex rel. Slaughter,
 
 v.
 
 Industrial Commission,
 
 132 Ohio St., 537, 9 N. E. (2d), 505;
 
 Smith
 
 v.
 
 New York Central Rd. Co.,
 
 122 Ohio St., 45, 170 N. E., 637;
 
 Bartol
 
 v.
 
 Eckert,
 
 50 Ohio St., 31, 33 N. E., 294;
 
 Terry
 
 v.
 
 Anderson,
 
 95 U. S., 628, 24 L. Ed., 365.
 

 It is the opinion of this court that Section 11663-1, General Code (117 Ohio Laws, 515), prescribing a limit upon the life of a deficiency judgment arising out of a foreclosure of a mortgage on residence property used as a homestead, and allowing two years after the effective date of the statute for the issuance of an execution on a judgment obtained prior thereto, does not violate any constitutional prohibition against the enactment of retroactive laws, and that such statute does not operate to produce an unconstitutional impairment •of contractual obligations entered into and merged in a judgment before the effective date of the statute.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Zimmerman, Bell and Turner, JJ., concur.
 

 Williams, J., not participating.