Turner, J.
 

 Section 8618, G-eneral Code, provides :so far as pertinent here:
 

 “Every gift, grant, or conveyance of lands, * * * made or obtained with intent to defraud creditors of their just and lawful debts * * * shall be utterly void and of no effect.”
 

 In the course of the opinion by the majority of the Court of Appeals it was said: “A transfer of homestead property is not subject to attack, even though the transferrer acted with fraudulent intention, and the transferee had knowledge thereof, nor does any importance attach to the fact that consideration for the conveyance was lacking.”
 

 The Court of Appeals was here following the rule that
 
 exempt
 
 property is not susceptible of fraudulent alienation and that ordinarily creditors have no right to complain of the disposition made of it since they cannot be prejudiced thereby or claim that it was a fraud upon them.
 

 We have no criticism of the court’s statement of the rule or the rule itself where
 
 exempt
 
 property is concerned. However, we are of the opinion that exempt
 
 *385
 
 property is not involved in the instant case. Whether, after the sale of the premises and upon an application by Walker or his wife, there results exempt property under Section 11737, General Code, was not before the Court of Appeals. As stated in their opinion: “And said premises at said time being encumbered by a mortgage lien precluding the allowance of a homestead, [he] would have been entitled under the provisions of Section 11737, General Code, in case of a saie of said premises in proceedings to'enforce liens thereon, to an award of not to exceed $500 of the proceeds thereof in lieu of a homestead *
 
 *
 

 The right to demand an allowance in lieu of a homestead out of the proceeds of the sale, is to be determined by the state of facts at the time the surplus arising from such sale is finally disposed of by the court.
 
 Niehaus
 
 v.
 
 Faul,
 
 43 Ohio St., 63, 1 N. E., 87.
 

 There is a distinction to be observed between the right to demand a homestead and the setting off of a homestead. As this court held in the case of
 
 McComb
 
 v.
 
 Thompson,
 
 42 Ohio St., 139:
 

 “The right to have and hold a homestead is a personal privilege which cannnot be conveyed to another, and is lost by neglect or refusal to claim it, or by abandonment of the homestead.”
 

 In the case of
 
 Roig
 
 v.
 
 Schultz,
 
 42 Ohio St., 165, this court held:
 

 “In an action to subject lands, alleged to have been fraudulently transferred, to the payment of a judgment, an answer by the judgment debtor, that he is a resident of Ohio, the head of a family and entitled to hold the premises as a homestead, is no defense.”
 

 In the case of
 
 Sears
 
 v.
 
 Ranks,
 
 14 Ohio St., 298, 84 Am. Dec., 378, this court held:
 

 “The proper time for the assertion of the debtor’s claim, under the statutes to have such homestead exempted from sale, is when the sheriff or other officer
 
 *386
 
 is about to execute the wilt of execution or order of sale; and the claim is available as well against decretal orders of sale, as against executions founded on judgments at law.”
 

 In the case of
 
 Sears
 
 v.
 
 Hanks, supra,
 
 there had been no waiver of the right to claim a homestead.
 

 Under Section 11734, General Code, a homestead is-set off only upon application.
 

 In the case of
 
 McComb
 
 v.
 
 Thompson, supra,
 
 this-court held that a lien does not become lost or removed from that part of the real estate thereafter set off as-a family homestead by the assignment and use of -such homestead and that when the rights of homestead are-removed, liens on such property may be enforced. This holding in the case of
 
 McCornb
 
 v.
 
 Thompson,
 
 was followed in the case of
 
 Roig
 
 v.
 
 Schultz, supra,
 
 in which, this court held:
 

 “A
 
 homestead is subject to a judgment or execution-lien both before and after the same is demanded and set off to the debtor.”
 

 The holding of this court in the
 
 per curiam
 
 opinion in
 
 Bills
 
 v.
 
 Bills,
 
 41 Ohio St., 206, is in point here, to wit:
 

 “In an action by a creditor to set aside a'deed made-by an insolvent debtor to his wife (through a third party), the petition averred that the conveyance was-made after the debt accrued, without any valuable consideration ; and that it was made with intent to hinder,, delay and defraud creditors. At the trial the defendants made no claim that any valuable consideration supported the deed, but offered to prove that when it was delivered the land was the family homestead; that it was incumbered by a mortgage paramount to the homestead exemption, and was worth only $700 more -than the mortgage debt. The trial court excluded this evidence as immaterial, set aside the deed and decreed a sale.
 

 
 *387
 

 “Held:
 
 1. Notwithstanding the decree, the $500 exemption in lieu of a homestead may be allowed out of the proceeds.
 

 “2. As the case was, the evidence excluded was immaterial.”
 

 A distinction is to be observed between the right under Section 11737, General Code, to make a claim in lieu of homestead, and the property not exceeding in value $500 which may be awarded under that statute and thereafter held exempt from levy and sale. ■Such distinction applies also in the case of specific property exempt under other sections of the Code. The property once selected or awarded as exempt cannot ■be reached by creditors. This is illustrated by the •case of
 
 Tracy
 
 v.
 
 Cover,
 
 28 Ohio St., 61, wherein it was held by the Supreme Court Commission of Ohio:
 

 “Where a debtor, being the head of a family, and 'having no homestead, and being possessed only of personal property, not exceeding in value the amount which the law allows to be held exempt from execution, in lieu of a homestead, makes a colorable or pretended sale of such property, for the purpose of placing the same beyond the reach of creditors, the judgment creditors of such debtor do not thereby acquire a right to levy on and sell such property, in disregard of the elaim of the debtor, properly made, to hold the same exempt from execution.”
 

 By the same token the allowance which
 
 has been
 
 ■awarded in lieu of homestead under Section 11737, General Code, becomes the absolute property of the head of the family and the transfer of such property
 
 thereafter
 
 would not be in fraud of any creditor.
 

 In the case of
 
 Genell
 
 v.
 
 Hirons,
 
 70 Ohio St., 309, 71 N. E., 709, this court held:
 

 “Real property of a judgment debtor that is exempt from levy and sale in lieu of a homestead under Section 5441, Revised Statutes,
 
 when selected and held by
 
 
 *388
 

 such judgment debtor as so exempt,
 
 becomes his absolute property with full power of disposition, and if thereafter he sells and conveys the same, such property in the hands of his grantee is not subject to the lien of a judgment obtained against the grantor prior to such sale and conveyance, nor to seizure and sale upon execution in satisfaction of such judgment.” (Italics-ours.)
 

 Here is another illustration of exempt property which cannot be reached by creditors. The facts in the
 
 Genell
 
 v.
 
 Hirons case
 
 differ from our case in that there-real estate
 
 in lieu of homestead ivas selected
 
 by the-debtor, while in the instant case there was only a conditional right to an allowance, upon application, in lieu of homestead under Section 11737, G-eneral Code. As-stated by Judge Crew at pages 325 and 326: “The exemption which the statute allows by way of homestead, is, in a sense, but a qualified exemption, and the law-protects from sale the property so exempt, only so-long as it is used and occupied as a homestead. But the. exemption which the law gives in
 
 lieu
 
 of a homestead is-an absolute exemption and whether it be taken in personal or real property, the judgment debtor acquires,, in and to the property so exempt, when selected and. taken, an absolute ownership with full power of disposition. Freeman in his work on Executions, at section 218, says: ‘The power of the owner of exempt property, unless limited by statute, to sell or incumber it is undoubted. The right of exemption is a. privilege, but not a restriction. In fact, the owner’s power to dispose of exempt property is more absolute than it is over other kinds of property. This is-because of the freedom of exempt property from involuntary liens. Not being subject to execution, the owner may sell it, pledge it, or give it away, notwithstanding the existence of judgment or execution liens,, and without reference to the rights of his general creditors.’ ”
 

 
 *389
 
 Summarizing the law here applicable:
 

 A. Where real estate is transferred in fraud of creditors the fact that the value thereof was not in excess of a mortgage lien, which precluded the allowance of a homestead, plus $500 which might be allowed in lieu of homestead, will not defeat an action to set aside such fraudulent transfer.
 
 Bills
 
 v.
 
 Bills,
 
 41 Ohio St., 206;
 
 Roig
 
 v.
 
 Schultz,
 
 42 Ohio St., 165, approved and followed.
 

 B. A homestead does not become immune to levy and execution until after application and assignment, and retains such immunity only so long as it is used as a homestead.
 
 McComb
 
 v.
 
 Thompson,
 
 42 Ohio St., 139;
 
 Roig
 
 v.
 
 Schultz,
 
 42 Ohio St., 165, approved and followed.
 

 C. Until the costs and mortgage lien which precluded the allowance of a homestead are fully satisfied no question as to the right of precedence between a creditor’s judgment and the right of a debtor to an allowance in lieu of homestead can arise. Section 11737, General Code.
 
 Roig
 
 v.
 
 Schultz,
 
 42 Ohio St., 165, approved and followed.
 

 D. An inchoant right to an allowance in lieu of homestead does not constitute exempt property. The property awarded in lieu of homestead under Section 11737, General Code, becomes exempt only after it has been awarded to the head of the family or the wife, as the case may be, upon his or her application in person, by agent or attorney.
 

 The evidence in the instant case disclosed that the Walkers had paid off a substantial part of the mortgage indebtedness which precluded the allowance of homestead. Should this indebtedness be paid in full or should the Walkers by change of status lose the right to either homestead or an award in lieu thereof, the entire situation would be materially changed. To permit the fraudulent transfer of the property in ques
 
 *390
 
 tion to preclude the full exercise of appellants’ rights for the reason that at the time of the transfer the property was not worth more than the mortgage indebtedness, plus an amount which might or might not be awarded to the Walkers in lieu of homestead, would be to deny appellants due process.of law.
 

 It follows, therefore, that the decree of the Court of Appeals herein should be and hereby is reversed and this cause remanded to that court for further proceedings not inconsistent herewith.
 

 Decree reversed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Bell and Williams, JJ., concur.