**VEKOSKE, et., Appellees, v CLEVELAND TRUST CO., Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20614.   Decided February 14, 1948.

Messrs. Roth & Pollack, Cleveland, for appellees.
Messrs. Heiser & King, for appellant.

**OPINION**

By ROSS, J.:

This is an appeal upon questions of law from a judgment of the court of common pleas of Cuyahoga County.

In the action, the appellees sought a declaration by the court holding a judgment secured by the appellant unenforceable by reason of the provisions of §11,663-1 GC.

The real question here presented is whether or not the property tendered and accepted by the appellant as security for a debt, constituting the predicate for the judgment in question, and encumbered by a mortgage to the appellant, to secure such indebtedness "at any time was or is now held as a homestead" by the appellees.

The appellees' contention that such judgment is unenforceable is based upon the application of the provisions of §11,663-1 GC to the facts showing their relation to the mortgaged property.

From the record it appears that the appellees purchased, on March 1, 1926, a two family apartment house on 81st Street in the City of Cleveland, and gave a mortgage to the appellant covering such property. This mortgage was foreclosed. The proceeds of the sale of such property were insufficient to pay the amount of the mortgage debt.

It appears further that the appellees in 1924 had purchased another house on 76th Street in the City of Cleveland, which they occupied as a home and residence for some two years, when they moved to a house on Ansel Road, where they lived after the purchase of the 81st Street property.

It is clear that no part of the 81st Street property, which was mortgaged to the appellants, and which constitutes the basis of the claim of appellees that the provisions of §11,663-1 GC, render the judgment for the deficiency of the mortgage debt on such 81st Street property unenforceable, was ever at any time occupied by the appellees as a home, homestead, or in any other way.

The claim of the appellees is based upon the assertion that they intended to occupy one of the apartments in the 81st Street property as a home, and certain other facts and circumstances which they insist show that they had such intention.

Before discussing these, it is well to examine the terms of the statute in question as far as they are applicable.

Sec. 11,663-1 GC, provides that any judgment for money rendered in a court of record in this state upon any indebtedness, which is secured or evidenced by a mortgage on real property, upon which real property there has been located a dwelling for not more than two families which has been used in whole or in part as a home, or which at any time was held as a homestead by the person who executed such mortgage shall be unenforceable as to any deficiency remaining due thereon after the expiration of two years from the date of the confirmation of any judicial sale of such property.

There are two significant provisions in this section when considered as pertinent to the instant question: —

(1) Which has been used as a home by the mortgagor.

(2) Was at any time held as a homestead.

It is admitted that the premises were never occupied or used by appellees as a home or homestead, so that the

first provision just noted may be eliminated from consideration.

It is, however, strenuously asserted by appellees that ever since the purchase of the 81st Street property they held it as a homestead until it was sold on foreclosure.

Attention is now directed to the pertinent facts to determine whether it may be considered that any part of the premises was at any time so held by appellees as a homestead.

There is substantial evidence that the appellees purchased the property in question, (the 81st Street apartments) with the avowed intention of occupying the second floor apartment as a home. Under contract with the vendor, they permitted the occupying tenant, their grantor, to remain for some two years pending the acquisition of another home. This agreement was evidently a factor in the purchase. Efforts were made by appellees to secure possession of the second floor apartment, but were unsuccessful by reason of the agreement to permit the grantor tenant to remain until a new location could be secured.

At the time this tenant (grantor) did vacate the premises Matchay or Adair Vekoske, one of the appellees, was suffering from the effects of an explosion in his place of employment, which rendered him unable to work for several years.

It further appears that the premises occupied by appellees during their ownership of the 81st Street property were unsuitable in many ways and that the latter location would have been more convenient for their children in attending school.

In opposition to the implications arising from these facts it appears that the appellees could have occupied the ground floor apartment of the 81st Street property at any time, no contract or agreement as to continued occupancy thereof having been entered into between the appellees and the tenant of the lower floor apartment.

The appellees moved from a home they occupied on 76th Street to another home on Ansel Avenue, while owning the mortgaged premises.

Turning again to the statute herein involved—§11,663-1 GC—it is doubtful if language more comprehensive could have been selected for the purpose of defining the character of premises, which, through the operation of a mortgage thereon would effect a limitation upon the collection of a deficiency judgment due to the inadequacy of the sale price of such mortgaged premises.

This is not a statute creating a homestead. It is a statute

of limitations effecting the life of a judgment. **Lash v Mann,. 141 Oh St, 577.**

In **Montalto, et al., v Yeckley, et al., 138 Oh St, 314,** this. statute was held constitutional, but not to apply to a building primarily devoted to business purposes.

In **State, ex rel. Squire, etc. v Union Properties, Inc., 148. Oh St, 1,** it is held that the statute applies even though such a property so sold is only a portion of the parcel of land originally mortgaged.

This statute involves consideration of several different tenures of real property—(1) a home, (2) a farm dwelling,. (3) homestead, (4) a homesite. The' statute provides that. (1) and (2) cause the application of the limitation where such. property had been **used** in whole or in part as such and that. (3) and (4) cause such application of limitation where such. property **was** or **now is** so held.

Now it is difficult to imagine a mere homesite being used or occupied as a homestead or home or a place of residence.

"Homesite" is defined by "Webster's New International Dictionary" (1945) as being—"a location suitable for a home." Manifestly, if such location is so held, it is simply because the owner at some time intends to erect a homestead or building thereon which he will occupy as a home for himself and family.

The application of the limitation is dependent here upon. the **intention** of the owner. Paralleling the provisions as to homestead and homesite in the statute, it is apparent that either may, therefore, be merely held as such and that user or occupancy is not made a sine qua non for the application of the limitation.

It must be inferred, therefore, that the legislature intended application of the limitation even though the building mortgaged was not actually occupied as a homestead, if it be made clearly to appear that the owner entertained a bona. fide intention to occupy the' building at some later time as. a homestead.

The evidence submitted in the record unquestionably shows that appellees entertained such intention as to the property herein involved.

Some question is made as to the name of the owner, but. it clearly appears that the parties against whom' the judgment is sought to be enforced were the mortgagors of the property involved, and the judgment is affirmed.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur in syllabus, opinion & judgment.