[Cite as *Scalise v. Cushman*, 2014-Ohio-4781.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

KRISTEN M. SCALISE, as SCFO

    Plaintiff

    v.

LOUIS J. CUSHMAN, et al.

    Appellees

    and

STOTTER REALTY, LLC

    Appellant

C.A. No.     27216

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2011-05-2928

DECISION AND JOURNAL ENTRY

Dated: October 29, 2014

WHITMORE, Judge.

{¶1} Appellant, Stotter Realty, LLC, appeals from the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of Daniel and Louis Cushman ("the Cushmans"). This Court affirms.

I

{¶2} In May 2011, the Summit County Fiscal Officer filed a complaint against the Cushmans seeking to foreclose on their Northfield, Ohio property based on delinquent property taxes. The complaint named a total of 10 defendants as having an interest in the property. Only three of the defendants, the Cushmans and Stotter Realty, are relevant to this appeal.

**{¶3}** Stotter Realty filed an answer to the foreclosure complaint and a cross-claim, asserting that it had a valid judgment lien against Louis Cushman for $10,799.24, plus 10 percent interest per annum from January 1, 2002, and costs, and that its lien was superior to all of the other defendants except for the tax liens. Stotter Realty requested that "the premises be order appraised, advertised, sold, and the proceeds disbursed according to law." Subsequently, Stotter Realty filed a motion for summary judgment.

**{¶4}** After bankruptcy delays for both of the Cushmans, the Cushmans filed a memorandum in opposition to Stotter Realty's motion for summary judgment and a motion for partial summary judgment. In their memoranda, the Cushmans argued that the homestead exemption amount exceeded the value of the property, and therefore, Stotter Realty could not foreclose on their property to satisfy its judgment lien. Stotter Realty filed a reply, arguing that the homestead exemption amount is determined at the time the lien was attached to the property, not at the time of the forced sale, therefore, the homestead exemption amount did not exceed the value of the property and it could foreclose.[1]

**{¶5}** In December 2013, the trial court found that the Cushmans were entitled to the homestead exemption amount in effect at the time of the forced sale, not the amount at the time the judgment lien was recorded. Because the exemption amount exceeded the value of the property, the court granted the Cushmans' motion for summary judgment. Stotter Realty now appeals and raises one assignment of error for our review.

---

[1] During these various filings, the Fiscal Officer voluntarily dismissed its complaint for foreclosure because the delinquent taxes had since been paid.

II

Assignment of Error

THE TRIAL COURT ERRED IN FINDING THE 2013 INCREASE IN THE
HOMESTEAD EXEMPTION APPLIED TO A LIEN OBTAINED IN 2002 AND
FILED TO BE FORECLOSED ON IN 2011.

{¶6}    In its sole assignment of error, Stotter Realty argues that the trial court erred in applying the 2013 homestead exemption amount instead of the exemption amount in effect when its lien was filed.  Stotter Realty does not challenge the applicability of the homestead exemption to the Cushmans; instead, it focuses its argument on what exemption amount applies.  We, therefore, limit our review accordingly.

{¶7}    Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).  This Court reviews a trial court's decision to grant a motion for summary judgment de novo.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶8}    R.C. 2329.66(A) provides that "[e]very person who is domiciled in this state may hold [certain] property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order."  One of the listed exemptions is a person's interest "in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence."  R.C. 2329.66(A)(1)(b).  This is commonly known as the homestead exemption.  The amount of the homestead exemption has changed over the years and, beginning in 2010, is adjusted every three

years for inflation. *See* R.C. 2329.66(B). In 2002, the homestead exemption amount was $5,000. As of April 1, 2013, the current homestead exemption amount is $132,900.

{¶9} In 2002, Stotter Realty filed a certificate of a judgment lien against Louis Cushman for $10,799.24, plus 10 percent per annum with the Summit County Clerk of Courts. It refiled its lien in 2007. Stotter Realty argues that the exemption amount in effect in 2002, when the lien was filed, is the homestead exemption amount Louis Cushman is entitled to claim. The Eleventh District, in *First Natl. Bank of Pennsylvania v. Jones*, 11th Dist. Trumbull No. 2013-T-0083, 2014-Ohio-746, addressed an identical argument and concluded that a logical reading of the statute entitled the debtor to the homestead exemption amount in effect at the time of the involuntary sale, not the amount in effect on the date of the judgment or lien. *Id*. at ¶ 19.

{¶10} The *Jones* court concluded that the exemption amount to which the debtor is entitled should be determined as of the date the debtor's interest in the exemption arises because the exemption amount is directly tied to the debtor's interest. *Id*. at ¶ 19. A debtor's interest is determined "[i]n all cases other than bankruptcy proceedings, as of the date of appraisal, if necessary under section 2329.68 of the Revised Code, or the issuance of a writ of execution."[2] R.C. 2329.66(D)(2). The Eleventh District reasoned that this conclusion is a logical reading of the statute and is "consistent with case law relating to the time for the assertion of a debtor's exemption claim." *Id*. at ¶ 19-20, quoting *Adkins v. Massie*, 4th Dist. Lawrence No. 99CA18, 2001 WL 803031, *3 (Mar. 12, 2001) ("A homestead exemption is not effective until there is an involuntary execution that subjects the property to judicial sale.").

---

[2] Here, as in *Jones*, there is no indication that an appraisal pursuant to R.C. 2329.68 was involved. *See id*. at ¶ 18.

{¶11} Stotter Realty argues that the Eleventh District erred in failing to distinguish between a debtor's right to exercise the exemption, which occurs at the time of the involuntary sale, from what exemption amount the debtor is entitled to claim, which is fixed when the lien is filed. We disagree.

{¶12} "[T]he longstanding purpose of Ohio's exemption statute is to protect from creditors' legal process those debtors with minimal assets." *Daugherty v. Central Trust Co. of Northeastern Ohio, N.A.*, 28 Ohio St.3d 441, 447 (1986). *Accord Dennis v. Smith*, 125 Ohio St. 120, 125 (1932) ("[T]he purpose of the exemption laws is to protect the family against destitution."). Because the exemption statutes are intended to protect the family, courts have consistently applied a liberal construction in favor of the debtor. *See Cowen v. Wassman*, 64 Ohio App. 84, 88 (7th Dist.1939). *See also Jones*, 2014-Ohio-746, at ¶ 14, citing *Adkins*, 2001 WL 803031, at *2.

{¶13} We agree with the Eleventh District that "a logical reading of the statute leads to the conclusion that the amount of the exemption should be determined as of the date [the debtor's] interest in the exemption arises, since the amount of the exemption is directly tied to the determination of the debtor's interest." *Jones* at ¶ 19. Based on a plain reading of the statute, a debtor's exempt interest, in cases other than bankruptcy, is determined at the date of appraisal or the issuance of a writ of execution. R.C. 2329.66(D)(2). The specific amount of exemption is set in the statute and adjusted periodically for inflation. *See* R.C. 2329.66(B). At the time a judgment lien is filed, there is no determination of the amount of exemption to which the debtor is entitled; this amount is not set until the debtor's claim of exemption arises.

{¶14} Moreover, to fix the exemption amount at the time of the lien, and not at the time of the involuntary sale, would be inconsistent with the purpose of the exemption statute. The

purpose of the exemption statute is to protect debtors with minimal assets. *See Daugherty* at 447. The General Assembly has determined that the definition of "minimal" should be adjusted for inflation. *See* R.C. 2329.66(B). Using the current exemption amount at the time the lien holder is seeking to force an involuntary sale is consistent with protecting the debtor's minimal assets.

{¶15} Stotter Realty further argues that the court erred in "belittl[ing] the uncodified section of the statute." Specifically, Stotter Realty cites to Section 3 of 2012 H.B. 479. Section 3, in relevant part, states: "The amendments made by this act to sections 2329.66 and 2329.661 of the Revised Code shall apply to claims accruing on or after the effective date of this act. * * * This act is not intended to impair any secured or unsecured creditors' claims that accrue prior to the effective date of this act." Stotter Realty contends that reading the statute to allow the Cushmans to use the current exemption amount, instead of the amount in effect at the time the lien was filed, "effectively destroy[s] [Stotter Realty's] ability to collect."

{¶16} As the *Jones* court noted, it is unclear what the legislature meant in Section 3 by "claims accruing." *Jones* at ¶ 21. While Stotter Realty argues that the claims referred to are creditor's claims, it is entirely possible that Section 3 refers to the debtor's claim of exemption. *Id.* In light of its ambiguity, we decline to interpret this uncodified language as intent by the General Assembly to apply the increases to the exemption amount only to judgment liens obtained after the amendment.

{¶17} As to the statement in Section 3 that the amendments are not intended to impair creditors' claims, we conclude that Stotter Realty's lien is not impaired by the increase in the homestead exemption. *Black's Law Dictionary* defines "impair" as "[t]o diminish the value of (property or property right)." *Black's* 767 (8th Ed.2004). Stotter Realty's judgment lien is still

valid and continues to accrue interest. Using the current exemption amount only prevents Stotter Realty from foreclosing on the Cushmans' personal residence to force payment on the lien.

{¶18} A debtor's homestead exemption amount is set at the time the debtor's interest is determined. In cases other than bankruptcy, this is the date of an appraisal, if necessary under R.C. 2329.68, or the issuance of a writ of execution. Because the trial court did not err in applying the 2013 homestead exemption amount, Stotter Realty's assignment of error is overruled.

## III

{¶19} Stotter Realty's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                     _____

                                     BETH WHITMORE
                                     FOR THE COURT

BELFANCE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

JEFFREY P. POSNER, Attorney at Law, for Appellant.

JAMES R. RUSSELL, JR., Attorney at Law, for Appellees.

JAMES A. ZAFFIRO, Attorney at Law, for Appellee.

DAVID M. LENEGHAN, Attorney at Law, for Appellee.

DAVID RUIZ, Attorney at Law, for Appellee.

GRETCHEN WESTON, Attorney at Law, for Appellee.

REGINA M. VANVOROUS, Attorney at Law, for Plaintiff.